UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO ANAYA,<br><br>        Plaintiff,<br><br>    v.<br><br>TESLA MOTORS, INC.,<br><br>        Defendant. | Case No. 24-cv-04206-VC<br><br>**ORDER GRANTING TESLA'S MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 8, 21, 22 |

       The motion to compel arbitration is granted. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

       Anaya argues that he is exempt from the Federal Arbitration Act because he belongs to a "class of workers engaged in foreign or interstate commerce" under Section 1 of the FAA, 9 U.S.C. § 1. A class of workers falls within that exception, commonly known as the transportation worker exception, if they "play a direct and necessary role in the free flow of goods across borders" or are otherwise "actively engaged in transportation of those goods across borders via the channels of foreign or interstate commerce." *Ortiz v. Randstad Inhouse Services LLC*, 95 F.4th 1152, 1159–60 (9th Cir. 2024) (quoting *Saxon v. Southwest Airlines Co.*, 596 U.S. 450, 458 (2022)). Workers who move goods only within a state may still fall within the exception if they play a critical role in the interstate transport of goods. *Id.*

       The problem is that Anaya put in no evidence that he plays a direct and necessary role in the interstate transportation of goods. The Declaration of Rick Martin, Anaya's attorney, will not be considered. Martin should not have submitted a declaration recounting what Anaya told him; rather, Martin should have helped Anaya prepare his own declaration. Even if Martin's declaration were considered, it provided no evidence that Anaya's work played a role in the transportation of goods across borders.

And Tesla put in evidence—a declaration by its Associate Human Resources Manager and job descriptions of Anaya's two positions, Material Handler and Production Associate—suggesting that Anaya's job only involved bringing materials between a warehouse and the factory floor and did not play a role in transporting goods across borders. Without any evidence supporting Anaya's argument, the Court cannot hold that Anaya is exempt from the FAA.

Nor is the arbitration agreement unconscionable. There is some degree of procedural unconscionability because it is a contract of adhesion imposed as a condition of employment with no opportunity for negotiation. *See Armendariz v. Found. Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 115 (2000). But there is no substantive unconscionability. The agreement provides for neutral arbitrators and adequate discovery, requires a written award, allows all remedies available in court, doesn't impose additional costs beyond those that would be required by the court proceeding, and has a modicum of bilaterality because both Tesla and Anaya agreed to arbitrate all claims related to his employment. *See* Flesch Decl., Ex. A; *see also Armendariz*, 24 Cal. 4th at 102.[1]

The motion to compel is granted and the case is stayed pending arbitration. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). The parties are ordered to file a joint status report every 120 days until the arbitration is terminated. If the parties prefer to avoid this obligation, they may stipulate to dismiss this action without prejudice and that the defendant waives any statute of limitations defense based on the period the dispute is with the arbitrator.

**IT IS SO ORDERED.**

Dated: September 16, 2024

VINCE CHHABRIA
United States District Judge

---

[1] The provision that prohibits Anaya from bringing a claim as a "plaintiff or class member in any purported class or representative proceeding" is substantively unconscionable to the extent it bars Anaya from bringing a PAGA claim in a representative capacity. *See Adolph v. Uber Technologies, Inc.*, 14 Cal. 5th 1104, 1118 (Cal. 2023). But that provision is not relevant here because Anaya has not asserted any claims under PAGA.